IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-cr-108-F |
| | ) | (WO) |
| GEORGE HOEY MORRIS | ) | |

# **O R D E R**

On July 19, 2005, defendant filed an Unopposed Motion to Continue Trial (Doc. #28). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that the defendant is charged in an indictment with making a false statement with regard to an immigration application. The defendant is charged in a superseding indictment with making a false statement with regard to an immigration application, being a felon in possession of a firearm, and being a user of a controlled

substance in possession of a firearm. After review of the discovery produced by the government, the defendant may file a motion to suppress items seized during a search. Because there may be additional information, and as yet unidentified witnesses, which may be relevant to this case, the defendant asserts that he will be unable to adequately prepare for trial or resolve this case by plea by August 1, 2005. The government does not oppose the motion to continue. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. See United States v. Davenport, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on July 19, 2005 is GRANTED;

2. That the trial of this defendant is continued from the August 1, 2005 trial term to the November 7, 2005 trial term.

3. That the Magistrate Judge conduct a pretrial conference prior to the November 7, 2005 trial term.

DONE this 22nd day of July, 2005.

          /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE