IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-cr-108-F |
| | ) | (WO) |
| GEORGE HOEY MORRIS | ) | |

## **O R D E R**

On October 26, 2005, the defendant filed an Unopposed Motion to Continue Trial (Doc. #37). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that on October 13, 2005, the court granted Mr. Morris's previous counsel's motion to withdraw and appointed new counsel. In order to prepare for trial, newly appointed defense counsel will need adequate time to review the case file, meet with witnesses, subpoena and review documents, and obtain and review discovery. Counsel for

the defendant will be unable to adequately prepare for trial or resolve this case by plea by the November 7, 2005 trial date.  Counsel for the government does not oppose a continuance of this case.  Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial.  See United States v. Davenport, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1.  That the defendant's motion filed on October 26, 2005 is GRANTED;

2.  That the trial of this defendant is continued from the November 7, 2005 trial term to the February 13, 2006 trial term.

3.  That the Magistrate Judge conduct a pretrial conference prior to the February 13, 2006 trial term.

DONE this 2nd day of November, 2005.

                                  /s/ Mark E. Fuller
                              CHIEF UNITED STATES DISTRICT JUDGE