UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] |
| | ] |
| vs. | ] 2:05-CR-108-LSC |
| | ] |
| GEORGE HOEY MORRIS a/k/a JOHNNY | ] |
| RAY FORTUNE | ] |
| | ] |
| Defendant. | ] |

ORDER

Before this Court are Defendant's two motions to withdraw his guilty

plea.  (Docs. 80 & 88.)  After considering the arguments and submissions of

counsel and Mr. Morris, the motions are denied.

I.     Facts.

On April 20, 2005, Defendant was indicted on one count that alleged

that he knowingly made under oath a false statement with respect to a

material fact in an application required by the immigration laws and

regulations and that he knowingly presented the application which

contained the false statement to the authorities.  On June 29, 2005, a

federal grand jury returned a three-count superseding indictment charging

Defendant with making a false statement on a visa application, being a felon in possession of a firearm, and being a user of a controlled substance in possession of a firearm.

On February 13, 2006, Defendant plead guilty to all counts of the indictment and waived his right to appeal or to collaterally attack the plea except under circumstances of ineffective assistance of counsel or prosecutorial misconduct.  Prior to entering his guilty plea, Morris was apprised of his rights and the maximum penalties for each count of conviction, as well as the charges to which he was pleading guilty.  He affirmed that no one had forced him to plead guilty and that he was entering the plea of his own free will.  Defendant admitted that he was guilty of document fraud by knowingly submitting a false petition for an alien fiancee visa to the Department of Immigration and Naturalization Service on or around July 1, 2001, and that on or around March 25, 2005, while being a felon and a user of marijuana he possessed a firearm.

Defendant filed a motion to withdraw his guilty plea on February 24, 2006, and he filed a second motion to withdraw his plea on March 7, 2006.

II.   Discussion.

The Federal Rules of Criminal Procedure allow a defendant to withdraw his or her guilty plea after the court has accepted the plea but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d); *see also United States v. Hyde*, 520 U.S. 670 (1997).  When considering a motion to withdraw a guilty plea, the court "may consider the totality of the circumstances surrounding the plea . . . includ[ing] (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v. Buckles*, 843 F.2d 469, 471-72 (11th Cir. 1988) (internal citations omitted).  There are several reasons why a court would allow a defendant to withdraw a guilty plea, such as ineffective assistance of counsel, failure to understand the nature of the charges to which the plea was offered, proof of coercion in eliciting the plea, and proof by the defendant that he did not know and understand the consequences of entering a plea of guilty.

A plea of guilty "is an admission that [the defendant] committed the crime charged against him." *United States v. Broce*, 488 U.S. 563, 570 (1989).  Therefore, the Constitution requires that a guilty plea must be voluntary and the defendant must make it both knowingly and intelligently. *See, e.g., United States v. Ruiz*, 536 U.S. 622, 629 (2002); *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13 (1976). For the plea to be knowing and voluntary: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1289 (11th Cir. 2003) (quoting *Mosley*, 173 F.3d at 1322) (internal quotations omitted).  Mr. Morris is arguing that he was coerced into entering the guilty plea in this case, and, therefore, he did not make the decision to enter the plea knowingly and voluntarily.

There is no evidence before the Court which tends to show that the prosecutors acted inappropriately by failing to produce certain items in discovery.  In fact, the government requested a release order from the magistrate judge to allow Defendant to examine the items held by the

government.  Additionally, Defendant has not shown that he was prejudiced by the government's conduct or that its alleged misconduct regarding discovery induced him to plead guilty to all of the charges against him.  Any claims by Defendant regarding a violation of his attorney-client privilege fail for the same reason.  He has not shown that the prosecutors' actions in possessing audio recordings of conversations between his attorney and various third parties prejudiced him in any way or that it forced him to plead guilty.  Defendant has failed to demonstrate that his guilty plea was not made knowingly and voluntarily.  For these reasons, his motions to withdraw his guilty plea are denied.

III.    Conclusion.

In conclusion, Defendant's motions to withdraw his guilty plea, filed on February 24, 2006, and March 7, 2006, are denied.  Also, Defendant orally withdrew his motion to withdraw his attorney from the case at the hearing held before this Court on March 8, 2006.  The Court also grants the government's oral motion to require all future motions by Defendant to be filed by Defendant's attorney rather than being filed pro se.

Done this <u>10th</u> day of <u>March 2006</u>.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
143449