FILED
JUN 14 2006

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05cr108-LSC |
| | ) | [18 USC 2421; |
| GEORGE HOEY MORRIS | ) | 18 USC 2422; |
| aka JOHNNY RAY FORTUNE | ) | 18 USC 2423(a); |
| | ) | 18 USC 2423(b); |
| | ) | 18 USC 1546(a); |
| | ) | 18 USC 922(g)(1); |
| | ) | 18 USC 922(g)(3)] |
| | ) | |
| | ) | SUPERSEDING INDICTMENT |

The Grand Jury charges:

1. At all times relevant to this Indictment, the defendant, GEORGE HOEY MORRIS, AKA JOHNNY RAY FORTUNE, was a citizen and resident of the United States of America and citizen and resident of the Middle District of Alabama.

2. That on or about April 24, 1980, MORRIS was convicted of Sale of Narcotic Drugs, a felony, in Adams County, Colorado.

3. That in 1991, in Lee County, Alabama, MORRIS did marry ZMG. The parties divorced in Lee County, Alabama in 1992.

4. That between 1982 and 1997, MORRIS made approximately 13 trips to foreign countries, including Vietnam.

5. That in 1995 MORRIS married TNTN, a Vietnamese female, in Vietnam.

6. That in June 1996, MORRIS filed a petition for a fiancee visa for TNTN, a Vietnamese female, born August, 2, 1979. MORRIS, later, asked to withdraw the petition.

7. That MORRIS was deported from Vietnam after being

convicted of sleeping with prostitutes on more than one occasion and taking nude photographs.

8.   That on July 8, 1997, MORRIS legally changed his name to JOHNNY RAY FORTUNE in an effort to change his identity to enable him to return to Vietnam.

9.   That FORTUNE then applied for and received a United States passport.

10.  That in January 1999, FORTUNE returned to Vietnam to find a "virgin bride", which is a code term for a female between the age of 12-18.

11.  That on April 15, 1999, FORTUNE married TP, born December 5, 1983, who was then 15 years old, after paying money to her parents and agreeing to continue paying monies to her parents.

12.  That on April 16, 1999, FORTUNE traveled by airplane to Bangkok, Thailand with TP, where he had sexual intercourse with her on numerous occasions.

13.  That FORTUNE took TP to Phuket, Thailand in April 1999, where he again engaged in repeated sexual activity with her.

14.  That in May, 1999, FORTUNE took TP to Phuquoc, Vietnam, where he again engaged in repeated sexual activity with her.

15.  That in June of 1999, FORTUNE returned to the United States, leaving TP in Vietnam.

16.  That in November 1999, FORTUNE filed a second petition for a fiancee visa for CTTT, born August 12, 1987 in Vietnam. The

application was denied because CTTT was 12 years old at the time.

17. In July, 2001, FORTUNE filed a third petition for a fiancee visa for HTMP, born April, 1983 in Vietnam, who was then 18 years of age.

18. In 2001 FORTUNE, under the name HOEY MORRIS, published "Virgin Bride. Net" a book which he intended to be used as, "...a guidebook. The author explains where the virgins are, how to find them and how to bring them home."

19. In 2004, during an interview of MORRIS/FORTUNE, at the Morris Residence in Elmore County, Alabama, agents determined that MORRIS was in possession of a firearm.

20. That MORRIS/FORTUNE was a user of marijuana from on or about 1999 through 2005.

## COUNT 1

Paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

That between April and June, 1999, in the Middle District of Alabama, the defendant,

> GEORGE HOEY MORRIS
> AKA
> JOHNNY RAY FORTUNE,

did knowingly transport an individual in foreign commerce with intent that such individual engage in any sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2421.

## COUNT 2

Paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

That between January and June, 1999, in the Middle District of Alabama, the defendant,

>GEORGE HOEY MORRIS
>AKA
>JOHNNY RAY FORTUNE,

did knowingly persuade, induce, entice, and coerce an individual to travel in foreign commerce to engage in any sexual activity for which any person can be charged with a criminal offense, and did attempt to do so, in violation of Title 18, United States Code, Section 2422(a).

## COUNT 3

Paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

That between April and June, 1999, in the Middle District of Alabama, the defendant,

>GEORGE HOEY MORRIS
>AKA
>JOHNNY RAY FORTUNE,

did knowingly transport an individual who had not attained the age of 18 years in foreign commerce, with intent that the individual engage in any sexual activity for which any person can be charged with a criminal offense, and attempted to do so, in violation of Title 18, United States Code, Section 2423(a).

Count 4

Paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

That between January and June, 1999, in the Middle District of Alabama, the defendant,

GEORGE HOEY MORRIS
AKA
JOHNNY RAY FORTUNE,

a United States citizen, did travel in foreign commerce and conspire to do so, for the purpose of engaging in any sexual act (as defined in section 2246) with a person under the age of 18 years of age that would be in violation of Chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States, in violation of Title 18, United States Code, Section 2423(b).

COUNT 5

Paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

On or about July 5, 2001, in the Middle District of Alabama, the defendant,

GEORGE HOEY MORRIS
AKA
JOHNNY RAY FORTUNE,

did knowingly make under oath and as permitted under penalty of perjury, under Section 1746 of Title 28, United States Code, and knowingly subscribe as true, a false statement with respect to a

5

material fact in an application required by the immigration laws and regulations prescribed thereunder, and knowingly presented said application which contained such false statement, in violation of Title 18, United States Code, Section 1546(a).

### COUNT 6

Paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

On or about December 20, 2004, in the Middle District of Alabama, the defendant,

> GEORGE HOEY MORRIS
> AKA
> JOHNNY RAY FORTUNE,

having been previously convicted in a court, of a crime punishable by imprisonment for a term in excess of one year, to-wit: Sale of Narcotic Drug in Adams County, Colorado, did knowingly possess a firearm, in and affecting commerce, that is, a Ruger, model 10/22, .22 caliber Carbine, serial number 242-39237, in violation of Title 18, United States Code, Section 922(g)(1).

### COUNT 7

Paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

On or about December 20, 2004, in the Middle District of Alabama, the defendant,

> GEORGE HOEY MORRIS
> AKA

JOHNNY RAY FORTUNE,

being an unlawful user of and addicted to a controlled substance, to-wit: marijuana, did knowingly possess a firearm, in and affecting commerce, that is, a Ruger, model 10/22, .22 caliber Carbine, serial number 242-39237, in violation of Title 18, United States Code, Section 922(g)(3).

## FORFEITURE ALLEGATION

A.   Counts 1 through 7 of this indictment are hereby repeated and incorporated herein by reference.

B.   Upon conviction for the violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 6 of this indictment, and/or conviction for the violation of Title 18, United States Code, Section 922(g)(3), as alleged in Count 7 of this indictment, the defendant,

GEORGE HOEY MORRIS
AKA
JOHNNY RAY FORTUNE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

   One Ruger, Model 10/22, .22 Caliber Carbine, Serial No. 242-39237,

C.   If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

7

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred, sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property described in paragraph B above.

All in violation of Title 18, United States Code, Section 922.

A TRUE BILL:

*/s/ Janice Davis Williams*
Foreperson

*/s/ Leura V. Canary*
LEURA GARRETT CANARY
UNITED STATES ATTORNEY

8

_____
John T. Harmon
Assistant United States Attorney


_____
Susan R. Redmond
Assistant United States Attorney