IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 2:05cr108-LSC |
| | )         WO |
| GEORGE HOEY MORRIS | ) |

**ORDER ON MOTION**

This case is before the court on defendant Morris' motion to invoke marital privilege filed September 11, 2006 (Doc. # 159) and the government's response filed September 14, 2006 (Doc. #163). Morris' motion seeks to invoke the "right of marital privilege" to exclude the testimony of T.P. taken by deposition on July 7, 2006, from use at trial on the ground that defendant "was married to T.P. while in the Republic of Vietnam." Motion at 2.

Morris' brief in support of his motion contends, *inter alia*, that he and T.P. were married on or about April 19, 1999 in Vietnam and that they lived together as husband and wife for approximately the next six months in Bangkok, Thailand, and Vietnam before Morris returned to the United States without T.P., who did not have a visa, "with the full intention of acquiring her a visa as his wife." Brief at 1-3. Defendant cites portions of T.P.'s deposition in support of his motion. The government's response contends that defendant cannot meet his burden of proving the elements of either the spousal testimony privilege or the marital communications privilege for a variety of reasons, including the fact that defendant cannot establish a valid marriage or demonstrate confidential communications, and the fact that T.P. is the victim of the offense charged.

"There are two recognized types of marital privilege: the marital confidential communications privilege and the spousal testimonial privilege." United States v. Singleton, 260 F.3d 1295, 1297 (11th Cir. 2001) (citing Trammel v. United States, 445 U.S. 40, 50-51, (1980)). "The adverse spousal testimonial privilege is sometimes referred to as spousal incompetency. It can be asserted only by the witness-spouse. The marital communication privilege, when available, can be asserted by a defendant to prevent his or her spouse from testifying concerning the communication and to exclude related evidence." Id. at 1298 n. 2.

In this case, the alleged witness-spouse, T.P., has chosen to testify and, therefore, the adverse spousal testimonial privilege is inapplicable. See United States v. Abram, 171 Fed.Appx. 304, 309-310 (11th Cir. 2006) (unpublished).  Thus, the only marital privilege which potentially could be asserted by defendant is the marital communications privilege.

Although the Eleventh Circuit has recognized the marital communications privilege, it has also noted that privileges are disfavored because they impede the search for truth. Singleton, 260 F.3d at 1297, 1299.  "The marital communications privilege ... excludes information privately disclosed between husband and wife in the confidence of the marital relationship. Abram,171 Fed.Appx. at 310.  "However, the privilege does not apply to communications made in the presence of third parties, and generally applies only to utterances, not acts." Id.  "It also does not apply to conversations between husband and wife about crimes in which they are jointly participating." Id.

In addition, it is clear that the marital communications privilege does not apply when the spouse whose testimony the movant seeks to exclude is the alleged victim of the offense

in question.  See United States v. Bahe,128 F.3d 1440, 1445 (10th Cir. 1997) ("[T]he marital communications privilege should not apply to statements relating to a crime where a spouse or a spouse's children are the victims.  Federal courts have created an exception to the privilege in instances in which a spouse commits an offense against another spouse.") (citing Wyatt v. United States, 362 U.S. 525, 526-27, 80 S.Ct. 901, 902-03, 4 L.Ed.2d 931 (1960) (applying exception); United States v. White, 974 F.2d 1135, 1137 (9th Cir.1992) (same); United States v. Allery, 526 F.2d 1362, 1365 (8th Cir.1975) (exception applied to "anti-marital facts privilege"); 25 Wright & Graham § 5592 at 798 ("The classic case for invocation of the exception is wife-beating; it is generally agreed that an assault, battery, or other form of corporal violence is within the exception.") (footnotes omitted)); see also United States v. Harrison, 2006 WL 1131938, *4 (M.D. Ga.2006) (unpublished) ( Referring to "the more common proposition that a battered spouse, or the parent of a battered child, need not be silenced by the marital communications privilege in regards to testimony about that abuse."); United States v. Mavroules, 813 F.Supp. 115, 119 (D. Mass. 1993) (Courts have "held that one spouse could not bar the testimony of another spouse if the testimony involved the commission of a crime against the testifying spouse or a child in the household."); cf. Trammel, 445 U.S. at 46, n. 7 ("The decision in Wyatt recognized an exception to Hawkins for cases in which one spouse commits a crime against the other."); United States v. Brown, 634 F.2d 819, 829 (11th Cir. 1981) ("The confidential marital communications privilege was not intended to allow one spouse to provide his or her own version of a particular communication while preventing the other version from being

3

disclosed."). As the Ninth Circuit has noted, "[p]rotecting threats [or other communications] against a spouse or the spouse's children is inconsistent with the purposes of the marital communications privilege: promoting confidential communications between spouses in order to foster marital harmony. White, 974 F.2d 1135, at 1138.

In the instant case, defendant Morris is charged, *inter alia*, with marrying T. P. in Vietnam on April 15, 1999, when she was underage (15 years old), and knowingly transporting her in foreign commerce, or knowingly inducing her to travel in foreign commerce, with the intent that she engage in sexual activity with him in violation of 18 U.S.C. §§ 2421, 2422(a), 2423(a), and 2423(b). Thus, T.P. is the victim of defendant's alleged criminal activity. A defendant spouse may not commit abuse or another offense and then hide behind the marital privilege to shield himself from criminal prosecution based on that abuse. Accordingly – even assuming *arguendo* that defendant and T.P. were legally married when any confidential communications occurred, and that the testimony which defendant seeks to exclude does involve confidential communications – the exception which excludes from the marital communications privilege those communications relating to criminal activity being perpetrated by the communicating spouse upon the non-communicating spouse clearly applies to this case.

For the foregoing reasons, it is

ORDERED that defendant's motion to invoke marital privilege (Doc. # 159) be and hereby is DENIED. Defendant's motion to seal (Doc. # 160) filed September 11, 2006 is GRANTED.

DONE, this 29th day of September, 2006.

                                            /s/ Susan Russ Walker
                                            SUSAN RUSS WALKER
                                            UNITED STATES MAGISTRATE JUDGE