IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 2:05cr108-LCS |
| | ) | (WO) |
| GEORGE HOEY MORRIS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This matter is before the court on two *pro se* Motions for Reversal of Verdict and Dismissal of Sentence (*Doc. Nos. 295 & 305*), in which defendant George Hoey Morris ("Morris") requests relief, pursuant to Fed.R.Crim.P. 33, based upon newly discovered evidence. Morris was convicted on October 6, 2006; the jury found him guilty of (1) four counts related to criminal sexual activity with a minor; (2) immigration fraud; and (3) firearm possession by a convicted felon. He received a total sentence of 75 years in prison. Now, more than three years after the jury's verdict, he moves for relief under Fed.R.Crim.P. 33.[1]

In support of his motions, Morris submits as "newly discovered evidence" (1) an article containing alleged statistical information regarding marriages in Vietnam through 2005; (2) an unauthenticated document that purports to set out marriage registration requirements in Vietnam as of January 2001; and (3) an affidavit in which he sets forth

---

[1] Morris specifically challenges his convictions related to criminal sexual activity with a minor in his motion filed on July 27, 2010 (*Doc. No. 295*). He challenges his convictions for immigration fraud and firearm possession by a convicted felon in his second motion (*Doc. No. 305*), filed on October 25, 2010.

various allegations of perjury and other infirmities in the criminal proceedings against him. (*See Doc. No. 295 at pp. 15-25; Doc. No. 305 - Afidavit.*)  Morris contends that matters set forth in these materials provide proof that, among other things, it was not illegal under Vietnamese law for him to marry a Vietnamese girl under the age of 16 in 1999, that his convictions were obtained upon fabricated evidence and perjured testimony knowingly offered by the prosecution, and that various government officials conspired to obtain his convictions.  He argues that this evidence "clearly shows that material facts upon which the jury was ordered to base its verdict were false," mandating reversal of the verdict and dismissal of the sentence imposed against him.[2]  (*Doc. No. 295 at pp. 1 & 13; Doc. No. 305 at 14.*)

## II.  DISCUSSION

Rule 33 of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  *See* Fed.R.Crim.P. 33(a).  A motion for new trial based upon newly discovered evidence "must be filed within 3 years after the verdict or finding of guilty." Fed.R.Crim.P. 33(b)(1).  A motion for new trial "grounded on any reason other than newly

---

[2]To warrant a new trial on the basis of newly discovered evidence, a defendant must establish all of the following:  (1) the evidence was discovered after trial; (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to issues before the court; and (5) the evidence is such that a new trial would probably produce a different result.  *United States v. Ramos*, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999); *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003).

discovered evidence must be filed within 7 days after the verdict or finding of guilty." Fed.R.Crim.P. 33(b)(2). Morris filed the first of his motions for relief pursuant to Fed.R.Crim.P. 33 on July 27, 2010.³ (*See Doc. No. 295.*) He filed his second motion for relief pursuant to Fed.R.Crim.P. 33 on October 25, 2010. (*See Doc. No. 305.*) Thus, under either provision of Rule 33, both of Morris's motions are clearly untimely.⁴

Morris contends that the untimeliness of his motions for relief under Fed.R.Crim.P. 33 should be excused because he suffered from a "legal disability" that prevented him from acting on his own behalf for more than two years following his conviction. (*See Doc. No. 295 at pp. 1-3; Doc. No. 305 at pp. 1-2.*) In particular, he contends that he was confined at a federal medical facility for a court ordered mental evaluation for almost ten months immediately after the jury's verdict and that he was subsequently housed at various county jails that lacked law libraries or access to legal information. *(Doc. No. 295 at pp. 1-2; Doc. No. 305 at p. 2.)* He argues that his confinement at the federal medical facility and in county jails following his conviction constituted a legal disability excusing the tardiness of his motion. In so arguing, Morris relies on language in 28 U.S.C. § 2401(a), which provides that the action of any person under legal disability at the time a claim accrues may be commenced

---

³Morris's direct appeal was pending when he filed this motion. However, the Eleventh Circuit subsequently affirmed his conviction and sentence and issued its mandate in the case on August 26, 2010. (*Doc. No. 299.*)

⁴In its response to Morris's first motion, filed pursuant to this court's orders, the government argues that the motion is time-barred. (*Doc. No. 297 at p. 3.*) The court did not direct the government to file a response to Morris's second motion.

within three years after the legal disability ceases. (*Doc. No. 295 at p. 2; Doc. No. 305 at p. 2.*)  However, 28 U.S.C. § 2401(a) applies to civil actions commenced against the United States and plainly does not apply to criminal proceedings and motions for relief under Fed.R.Crim.P. 33.[5]  Morris cites no relevant legal authority standing for the proposition that the time during which a defendant is incarcerated may be excluded in computing the three-year period for filing a motion for relief, based on newly discovered evidence, under Fed.R.Crim.P. 33. Moreover, Morris presents no persuasive argument that his post-conviction incarceration in fact impeded him from earlier pursuing the claim he presents in his instant motion, and he fails to suggest how he took steps to diligently pursue his claim. His conclusory assertions that he lacked access to a law library or legal materials during periods of his post-conviction confinement fall far short of establishing an excuse for the untimeliness of his motion.

Morris also suggests that the untimeliness of his motion should be excused because the attorney who represented him on direct appeal "would not act on his client's behalf" by attempting to bring Morris's purported new evidence to the district court's attention during the period when a timely motion for relief under Fed.R.Crim.P. 33 could have been filed.

---

[5]Title 28 § 2401(a) states:

Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.  The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

(*Doc. No. 295 at p. 3; Doc. No. 305 at pp. 2-3.*)  Morris contends that, within a few months after the guilty verdict, he brought this new evidence to his counsel's attention, but that his counsel informed him that because the evidence had not been heard at his trial, it could not be brought up at that time.  According to Morris, counsel "simply ignored the new evidence and would not push Mr. Morris' agenda."  (*Doc. No. 295 at p. 3.*)

Rule 45(b)(1)(B) of the Federal Rules of Criminal Procedure allows an extension of the deadlines of Fed.R.Crim.P. 33 if a motion is untimely due to "excusable neglect."[6] Assuming arguendo the veracity of Morris's account of the manner in which he made known to his counsel his purported new evidence, and assuming that counsel could have properly presented the new evidence to the district court in a timely motion for relief under Fed.R.Crim.P. 33, Morris is nevertheless not entitled to a waiver of Rule 33's three-year deadline on the theory of excusable neglect under Fed.R.Crim.P. 45(b)(1)(B).  "[C]ounsel's misunderstandings of the law cannot constitute excusable neglect." *United States v. Snipes*, 613 F.3d 855, 864 (11th Cir. 2010) (quoting *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1255 (11th 2007)).  Even if counsel were mistaken in believing there was no manner in which newly discovered evidence might be brought to the trial court's attention when Morris claimed to have discovered such evidence, counsel's alleged misunderstanding of the law does not constitute excusable neglect so as to allow this court to extend the deadlines of Rule

---

[6]Rule 45(b)(1)(B) provides that "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made ... after the time expires if the party failed to act because of excusable neglect."

5

33 and consider Morris's instant motion.

Finally, Morris asserts as an "extraordinary circumstance" justifying an exception to the deadlines in Rule 33 "the fact that AUSDA Susan Redmond acted in an unethical and illegal manner when she caused Honorable Susan James to withdraw from [Morris's] case without refunding Mr. Morris's fee." (*Doc. No. 295 at p. 2; Doc. No. 305 at p. 2.*)  This vague and conclusory allegation does not establish a basis for this court to excuse the untimeliness of the instant motions.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Motions for Reversal of Verdict and Dismissal of Sentence, filed pursuant to Fed.R.Crim.P. 33 (*Doc. Nos. 295 & 305*), be DENIED as untimely filed.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 24, 2010**.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See*

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 10th day of November, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE